UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD GARY MOORE,

     Petitioner,

v.                                          CASE NO. 6:08-cv-1101-Orl-28KRS

ATTORNEY GENERAL, STATE
OF FLORIDA, et al.,

     Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply to the response (Doc. No. 19).

Petitioner alleges ten claims for relief in his habeas petition: (1) the trial court denied Petitioner a fair trial by denying his motion for new trial based on the jury being tainted (claim one), (2) trial counsel rendered ineffective assistance by failing to properly present medical evidence (claim two), (3) Petitioner was deprived of his constitutional right to testify (claim three), (4) the statute of limitations had expired on the offenses (claim four),

(5) Petitioner's convictions are based solely on hearsay and *Miranda*[1] violations (claim five), (6) the evidence was not sufficient to support Petitioner's convictions (claim six), (7) the trial court lacked subject matter jurisdiction (claim seven), (8) Petitioner's *Miranda* rights were violated (claim eight), (9) trial counsel rendered ineffective assistance by advising Petitioner not to testify (claim nine), and (10) the State withheld exculpatory evidence in violation of *Brady*[2] (claim ten). For the following reasons, the petition is denied.

## I. *Procedural History*

Petitioner was charged by information with three counts of capital sexual battery and two counts of lewd act upon a child. A jury trial was conducted, and Petitioner was found guilty of counts one through four and was acquitted of count five. The state trial court sentenced Petitioner to three concurrent terms of life in prison for counts one through three and to a consecutive fifteen-year term of imprisonment as to count four. Petitioner filed a motion to correct sentence. The state court granted the motion and vacated the conviction and sentence for count four based on a double jeopardy violation. Petitioner appealed his convictions and sentences. The Fifth District Court of Appeal of Florida *per curiam* affirmed.

Petitioner filed a petition for writ of habeas corpus in the state trial court, which denied the petition. Petitioner appealed, and the Fifth District Court of Appeal affirmed the state trial court's decision.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Petitioner filed a motion to voluntarily dismiss the motion, which the state court granted.

Petitioner subsequently filed another motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, and he also filed an amended Rule 3.850 motion. The state trial court denied both motions. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a state habeas petition in the appellate court. The Fifth District Court of Appeal summarily denied the petition. Petitioner filed the same petition in the state trial court, which likewise denied the petition. Petitioner filed a petition for writ of certiorari in the state appellate court, which denied the petition.

## II. *Legal Standards*

## A. *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S. Ct. 348 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[3] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   *Analysis*

### A.   *Claim One*

Petitioner asserts that the trial court denied him of a fair trial by denying his motion for new trial based on the jury being tainted. In support of this claim, Petitioner contends that his girlfriend, Vanessa Heffelinger ("Heffelinger"), spoke to members of the jury panel during voir dire regarding the case.

Petitioner raised this claim in a motion for new trial. The state court conducted a hearing on the motion and denied relief. In denying the motion, the state court reasoned that the evidence failed to demonstrate (1) any jury misconduct, (2) Heffelinger identified Petitioner as the individual about whom she was speaking, and (3) Heffelinger's statements prejudiced Petitioner. (App. G.)

"Prospective jurors are presumed impartial; the challenger to that presumption bears the burden of proving bias, and a conclusory statement that the jurors were biased is insufficient. To maintain a claim that a biased juror prejudiced him, a petitioner must show that the juror was actually biased against him." *Diaz v. Sec'y For Dept. of Corr.*, 2006 WL 3469522, at *4 (S.D. Fla. 2006) (citing *Smith v. Phillips*, 455 U.S. 209 (1982)).

At the hearing on the motion for new trial, Heffelinger testified that on the day voir dire was conducted, she was in the hallway and was babbling in the presence of numerous individuals. (App. F at 8.) Heffelinger testified that she said she "couldn't understand why those girls were in there lying, cause I know that they were lying[,]" and that Petitioner was physically incapable of committing the offenses based on his medical condition and medications. *Id.* at 8-9. Heffelinger stated that she never used Petitioner's name. *Id.* at 13.

Petitioner has failed to demonstrate that any member of the jury was biased against him. Heffelinger's statements concerned why Petitioner was innocent of the charges, and she did not identify Petitioner by name. Thus, assuming a member of the jury heard Heffelinger's statements, there is no indication they were aware she was referring to Petitioner and the statements were all favorable to Petitioner. Accordingly, this claim is denied pursuant to § 2254(d).

## B. *Claims Two, Three, Four and Six*

Petitioner asserts that (1) trial counsel rendered ineffective assistance by failing to properly present medical evidence (claim two), (2) he was deprived of his constitutional right to testify (claim three), (3) the statute of limitations had expired on the offenses (claim four), and (4) the evidence was not sufficient to support his convictions (claim six). Respondents assert that these claims were either not exhausted in the state courts or were found to be procedurally barred by the state court, and thus are procedurally barred from

7

review by this Court.[4]

Pursuant to the AEDPA, federal courts are precluded, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (I)   there is an absence of available State corrective process; or
>
>      (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state

---

[4]Respondents also assert that claims five, seven, and eight are procedurally barred from review by this Court. However, review of the record indicates that these claims were raised in Petitioner's state habeas petition and were denied on the merits by the Fifth District Court of Appeal. Accordingly, these claims are not procedurally barred and will be addressed *infra*.

court. *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

Furthermore, to satisfy the exhaustion requirement, the petitioner must present the same claim to the state court that he now presents to the federal court. *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (citations omitted); *Kelly v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004). Moreover, if the claims raised before the state court were not raised in terms of federal law, the exhaustion requirement is not satisfied. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007).

The record in this case demonstrates that claim two was raised in Petitioner's amended Rule 3.850 motion, but the state court found the amended Rule 3.850 motion to be procedurally barred because it was untimely. Claim three was not raised in the state court, except to the extent it was raised as a claim of ineffective assistance of counsel as discussed in claim eight of the instant petition. Petitioner raised claim four in his Rule 3.850 motion, and the state court found it to be facially insufficient and Petitioner did not appeal the state court's denial of the claim.[5] Finally, claim six was raised on direct appeal,

---

[5]Furthermore, to the extent claim four was exhausted in the state courts and was found to be without merit, the Court concludes that whether the statute of limitation had expired is an issue of state law. A state's interpretation of its own laws or rules provides

but it was not raised as an issue of federal law.[6] Thus, these claims are procedurally barred in this Court because either the last state court rendering a judgment in Petitioner's case clearly and expressly stated that its judgment rested on the procedural bar or Petitioner failed to raise the claims in the state court. *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990) ("[P]er curiam affirmance of the trial court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal court."). Accordingly, the Court must deny these claims as procedurally barred unless Petitioner establishes one of the two exceptions to the procedural default rule.

First, a petitioner may overcome a procedural default by showing "both 'cause' for

---

no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). Thus, claim four would be denied even if it were not procedurally barred from review by this Court. *See Estelle v. McGuire*, 502 U.S. 62 (1991) (emphasizing that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

[6]Alternatively, even assuming that claim six was exhausted in the state courts, Petitioner has failed to demonstrate that the state court's denial of the claim is contrary to, or an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307 (1979). "The 'critical inquiry' for § 2254 challenges to the sufficiency of the evidence supporting a state conviction 'is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Owen v. Secretary for Dept. of Corrections*, 568 F.3d 894, 918 (11th Cir. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). At trial, the victim testified that Petitioner sexually abused her when she was eight years old. Viewing the evidence in favor of the prosecution, the Court finds that the jury rationally could have determined beyond a reasonable doubt that Petitioner committed the offenses of capital sexual battery. Based on the evidence introduced at trial, it is objectively reasonable to conclude that the evidence was sufficient to establish that Petitioner was guilty of capital sexual battery.

the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims two, three, four, and six are procedurally barred.

### C. Claims Five, Seven, and Eight

Petitioner asserts that his convictions are based solely on hearsay and *Miranda* violations (claim five). Similarly, Petitioner contends that his *Miranda* rights were violated (claim eight). Petitioner also appears to argue that the state trial court lacked subject matter jurisdiction over the case because the case was premised on hearsay and violations of his *Miranda* rights (claim seven).

Petitioner raised these claims in his state habeas petition. The Fifth District Court of Appeal summarily denied the claims on the merits.

Petitioner's claims are refuted by the record. The charging affidavit in this case was based on the victim's statements to police that Petitioner performed oral sex on her and penetrated her vagina with his fingers and penis. Furthermore, the evidence presented at trial included the victim's testimony regarding the incidents, and no statements made by

Petitioner were admitted into evidence. Finally, Petitioner's claim that the state court did not have subject matter jurisdiction is a matter of state law and procedure, not federal constitutional law, and is otherwise without merit. *See Blackshear v. McDonough*, 2008 WL 2312677, at *4 (M.D. Fla. 2008) (concluding that "[w]hether the Information, before or after its amendment, satisfied state law is a question of state law, not subject to federal review."). Thus, the state court's denial of these claims is neither contrary to, nor an unreasonable application of, federal law, and claims five, seven, and eight are denied.

### D. Claim Nine

Petitioner asserts that trial counsel rendered ineffective assistance by advising him not to testify (claim nine). In support of this claim, Petitioner contends that he was heavily medicated for pain with Morphine and Oxycotin during his trial and that counsel misled him about the necessity of him testifying.

Petitioner raised this claim in his Rule 3.850 motion, and the state court determined that the claim was refuted by the record. (App. DDD.) The state court reasoned that Petitioner indicated to the Court that he was not impaired by Morphine and he voluntarily waived his right to testify. *Id.* at 2-3. The state court further concluded that Petitioner failed to demonstrate that counsel's advice not to testify was deficient or resulted in prejudice given the potential effect of the drugs Petitioner was taking and given that Petitioner failed to demonstrate how his purported testimony would have resulted in a different outcome. *Id.* at 3.

A defendant's right to testify at trial is fundamental. *See United States v. Teague*, 953

F.2d 1525, 1532 (11th Cir. 1992). Defense counsel must inform a defendant of this right.

Neglecting to inform defendant of his right or refusing to allow defendant to testify after

he insists would constitute deficient performance by the attorney:

> [I]f defense counsel refused to accept the defendant's decision to testify and would not call him to the stand, counsel would have acted unethically to prevent the defendant from exercising his fundamental constitutional right to testify. Alternatively, if defense counsel never informed the defendant of the right to testify, and that the ultimate decision belongs to the defendant, counsel would have neglected the vital professional responsibility of ensuring that the defendant's right to testify is protected and that any waiver of that right is knowing and voluntary. Under such circumstances, defense counsel has not acted "'within the range of competence demanded of attorneys in criminal cases,'" and the defendant clearly has not received reasonably effective assistance of counsel.

*Teague*, 953 F.2d at 1534.

In the instant case, the state trial judge questioned Petitioner about his decision not

to testify as follows:

| | |
|---|---|
| The Court: | How are you feeling this morning? Mr. Moore? |
| The Defendant: | I feel all right. |
| The Court: | All right. Did you take medication this morning? |
| The Defendant: | Yes. |
| The Court: | What did you take? |
| The Defendant: | Morphine. |
| The Court: | Your morphine? Are you aware? |
| The Defendant: | Yeah. Morphine don't do that to your head. |
| * * * | |
| The Court: | All right. Have you made a decision about whether or |

13

|                      | not you are going to testify?                                                                                                  |
|----------------------|--------------------------------------------------------------------------------------------------------------------------------|
| {Defense Counsel]:   | Will not testify, Your Honor.                                                                                                   |
| The Defendant:       | Won't testify.                                                                                                                  |
| The Court:           | You're not going to testify.                                                                                                    |
| [Defense Counsel]:   | I will not be alling [sic] any witnesses, Your Honor.                                                                           |
| The Court:           | You understand that you do have the right to testify not to testify by the constitution; do you understand that?               |
| The Defendant:       | Yes, Ma'am.                                                                                                                     |
| The Court:           | And you've had an opportunity over the evening to discuss that with your attorney-                                              |
| The Defendant:       | Yes, Ma'am.                                                                                                                     |
| The Court:           | - And this morning?  And it's your decision - remember it [sic] your decision alone about whether you want to testify or not.   |
| The Defendant:       | Right.                                                                                                                          |
| The Court:           | And you've decided not to, is that correct?                                                                                     |
| The Defendant:       | That's correct.                                                                                                                 |

(App. C at 332-34.)[7]  Thus, Petitioner was advised that the decision of whether or not to

testify was his choice alone, and he indicated that he did not want to testify.  Further,

Petitioner has not demonstrated that a reasonable probability exists that he would have

---

[7]Additionally, the Court notes that prior to voir dire, defense counsel advised the trial court that Petitioner was using pain medication for his back.  The trial court then questioned Petitioner about his use of pain medication, and Petitioner informed the court that the medication did not impact his ability to understand what was occurring unless he over medicated, which Petitioner told the court he would not do.  (App. C at 4-10.)

been found not guilty had he testified. Accordingly, the Court concludes that this claim must be denied pursuant to § 2254(d).

### E.    *Claim Ten*

Petitioner asserts that the State withheld exculpatory evidence in violation of *Brady* (claim ten). Specifically, Petitioner contends that the State failed to disclose a motion for continuance, wherein the State indicated that it had located a possible *Williams*[8] Rule witness, and that the Department of Child Services ("DCF") had investigated a prior allegation in relation to the victim.

To prevail on a claim brought under *Brady v. Maryland*, 373 U.S. 83 (1963), Petitioner must demonstrate the following:

> (1) that the Government possessed evidence favorable to the defendant (including impeachment evidence); (2) that the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.

*United States v. Meros*, 866 F.2d 1304, 1308 (11th Cir.), *cert. denied*, 493 U.S. 932 (1989). As the United States Supreme Court has decreed, "evidence is 'material' under *Brady*, and the failure to disclose it justifies setting aside a conviction, only where there exists a 'reasonable probability' that had the evidence been disclosed the result at trial would have been different." *Wood v. Bartholomew*, 516 U.S. 1, 5 (1995). "The mere possibility that an item of

---

[8]*Williams v. State*, 110 So. 2d 654, 663 (Fla. 1959) (holding "evidence of any facts relevant to a material fact in issue except where the sole relevancy is character or propensity of the accused is admissible unless precluded by some specific exception or rule of exclusion").

undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *United States v. Agurs*, 427 U.S. 97, 109-110 (1976). Further, "*Brady* does not require the government to turn over information which, with any reasonable diligence, the defendant can obtain himself." *Jarrell v. Balkcom*, 735 F.2d 1242, 1258 (11th Cir. 1984) (quotation omitted).

Petitioner has failed to demonstrate that he is entitled to relief pursuant to *Brady*. First, he has not established that he did not possess the evidence he asserts was exculpatory or that the prosecution suppressed the favorable evidence. Although not asserted by Petitioner in the instant habeas petition, from the trial transcript, it appears that Petitioner is referring *inter alia* to evidence regarding an investigation by DCF concerning an allegation that the victim had observed her parents having sexual intercourse. Prior to voir dire, the attorneys argued about the admissibility of evidence regarding the DCF investigation. *See* App. C at 16-22. Thus, Petitioner's counsel was clearly aware of the DCF investigation prior to trial. Furthermore, the motion for continuance was filed prior to trial and was stipulated to by the defense. Therefore, defense counsel was likewise aware of this evidence. Finally, Petitioner has not shown that had such evidence been disclosed, a reasonable probability exists that the outcome of the proceedings would have been different.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. Certificate of Appealability

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Ronald Gary

Moore is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

   2.   Petitioner is **DENIED** a Certificate of Appealability.

   3.   The Clerk of the Court is directed to enter judgment accordingly and close

this case.

   **DONE AND ORDERED** at Orlando, Florida, this 2 day of April, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sc 4/23
Counsel of Record
Ronald Gary Moore